## United States District Court
## Middle District of Florida
## Orlando Division

**UNITED STATES OF AMERICA,**

               **Plaintiff,**

**-vs-**                                      **Case No.  6:13-cv-884-Orl-36DAB**

**ROGER M. WERNOW,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| |
|---|
| **MOTION:**     **MOTION TO DISMISS (Doc. No. 6)** |
| **FILED:**       **July 15, 2013** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

       This purports to be an action brought by the United States to collect on an alleged student loan debt.  Defendant moves, pursuant to Rule 12(b)(6) and (e), Federal Rules of Civil Procedure, to dismiss the Complaint "and/or" for a more definite statement, asserting that the United States has failed to allege the essential elements for a claim of breach of a promissory note, and has failed to attach a copy of the Note.  The government has filed a response (Doc. 8), and the matter has been referred to the undersigned.  For the following reasons, it is **respectfully recommended** that the motion be **denied.**

       **Standards of Law**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A reviewing court generally accepts the complaint's allegations as true and construes them in the light most favorable to the plaintiff, "[b]ut if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

To withstand a motion to dismiss, the complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  As the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly,* 550 U.S. 544] at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 *(quoting Twombly*, 550 U.S. at 557).

Pursuant to Federal Rule 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed "but which is so vague or ambiguous that the party cannot reasonably prepare a response."  In view of the liberal pleading and discovery requirements set forth in the Federal Rules of Civil Procedure, federal courts disfavor these motions. *Parks v. Experian*

*Credit Bureau,* No. 6:09-cv-1284-19DAB,  2010 WL 457345, *2 (M.D. Fla. Feb. 4, 2010), *citing BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 640 (S.D. Fla. 2007) (citing cases).

**Discussion**

Defendant contends that the Complaint must be dismissed in that 1) the United States has failed to meet the pleading standard for alleging breach of a promissory note, and 2) has failed to attach the Note itself.  The Court finds the cause of action has been adequately pled and that the Note is not required to be attached to the Complaint.

"To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default. *United States v. Carter,* 506 Fed. Appx. 853, 858 (11th Cir. 2013), *citing United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir.2001) (discussing whether summary judgment was properly granted in an action involving a defaulted student loan).  As pointed out by Defendant, the Complaint filed here is bare bones with only four substantive allegations: jurisdiction, venue,  a conclusory paragraph for "the debt;" and failure to pay.  However, pursuant to Federal Rule 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  Rule 10(c), Fed.R. Civ. P.[1]  Attached to the Complaint, and incorporated by reference, is a Certificate of Indebtedness which asserts, among other things:

• On or about 04/28/90, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from The Chase Manhattan Bank at a variable rate of interest to be established annually by the Department of Education.

---

[1]*See also Thaeter v. Palm Beach County Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings *and exhibits* attached thereto).

- This loan obligation was guaranteed by United Student Aid Funds, and then reinsured by the Department of Education

- The holder demanded payment according to the terms of the note, and the credited $204.99 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 10113/91, and the holder filed a claim on the loan guarantee.

- Due to this default, the guaranty agency paid a claim in the amount of $4,072.49 to the holder. The guarantor [was] then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 07/25/00, assigned [the] right and title to the loan to the Department.

- The borrower now owes the United States a total debt of $6,185.58 (plus interest)

(Doc. 1 at 3).  Assuming these well pled allegations to be true for present purposes, the United States has adequately alleged the required elements for breach of the Note.

Defendant points out the failure of the government to attach a copy of the actual obligation sued upon, and contends that "it is incumbent upon the United States to provide a complete and legible copy of the Purported Promissory Note in order to allow Mr. Wernow to adequately plead to the Complaint." (Doc. 6).  While the Court agrees that a copy of the Note is certainly relevant and necessary for evidentiary purposes,[2] it is not essential for *pleading* purposes.  The government has alleged that Defendant executed the Note, the date of execution, the amount of the Note, and the

---

[2]By "copy" the Court means just that.  In a similar case, the Eleventh Circuit has held: "The government did not have to produce [an] original promissory note in order to recover on the note because, as held in persuasive authority, the note is not a negotiable instrument subject to Florida's commercial paper law." *United States v. Carter, supra,* 506 Fed.Appx. 853 at 858.

subsequent history and resulting debt.  This is sufficient for present purposes to enable Defendant to respond.

Moreover, the absence of a copy of the Note is not an adequate basis for a more definite statement.  "Pleadings are not too vague or ambiguous to enable a defendant to frame a responsive pleading where the type of information the defendant claims is missing would be more properly obtained via discovery rather than through a motion for a more definite statement ." *Zolin v. Caruth*, No. 3:09-cv-38-WS, 2009 WL 2982907, at *4 (N.D. Fla. Sept.14, 2009).  The Court finds the instant Complaint is adequate under the pleading standards.  To the extent Defendant desires a copy of the Note, he should seek same in the usual course.  The motion should be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 26, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy